Law Library

FILED
SUPERIOR COURT
OF GUAM

2012 NOV 30 PM 12: 00

CLERK OF COURT

BY: _____

**IN THE SUPERIOR COURT OF GUAM**

**SMALL CLAIMS DIVISION**

GUELMY O. CAMACHO ALVAREZ, )
 )  **SMALL CLAIMS CASE NO. SD0444-12**
 Plaintiff, )
 )
vs. )  **DECISION AND ORDER**
 )
MIKE HEMLANI dba LA TIRE & LUBE, )
WAREHOUSE )
 )
 Defendant. )
 )
 )
 )
 )
 )

**INTRODUCTION**

The matter before the Court came on Plaintiff Guelmy O. Camacho Alvarez ("Plaintiff") claim against Defendant Mike Hemlani dba LA Tire & Lube Warehouse ("Defendant") in the amount of $4,114.40 resulting from Defendant's alleged negligent repairs performed on Plaintiff's vehicle. A trial in this matter was held before the Honorable Benjamin C. Sison, Jr. who took the matter under advisement. Both Plaintiff and Defendant appeared *pro se*. Having reviewed the evidence and the applicable law, the Court now issues its Decision and Order.

**BACKGROUND**

Defendant runs a commercial establishment in the business of automobile tire alignment and replacement. On or about February 8, 2012, Plaintiff brought to Defendant's commercial establishment, his 2006 Mazda 3 automobile to have two tires replaced and for an alignment. Defendant's employees drove the car onto a vehicle lift and lifted the vehicle to have the tires replaced. After the tires were replaced and the lift lowered, Defendant proceeded to drive the vehicle off the lift at which point in time a ripping noise was heard and the automobile's bumper was found to be touching the ground with visible damage to the grill and license plate frame and

pieces of plastic on the ground. Plaintiff provided detailed photos of the damage to the Court. Defendant immediately sought to repair the visible damage to the vehicle and approximately 4-5 hours later, delivered the car back to Plaintiff. Plaintiff alleges that the repairs were only temporary and submitted to the Court, estimates of the extended repairs necessary to restore the vehicle to its alleged condition immediately prior to the time when Plaintiff delivered his vehicle to Defendant's establishment. Defendant claims that the extensive damage to the vehicle was not the result of any of its actions but the result of an accident that the automobile was previously involved in, but improperly repaired.

## DISCUSSION

After considering the evidence and testimony presented, and an informal investigation conducted by court, the Court finds that the damage to Plaintiff's vehicle was not the result of any actions by the Defendant. A negligence cause of action requires proof that a defendant owed a duty of care, the defendant breached that duty, and injury was proximately caused by the breach." Siddons v. Cook, 887 A2d 689, 696 (N.J. Super. A.D. 2005)(citation omitted). In this case, Plaintiff fails to show by preponderance of the evidence that Defendant breached its duty of care to Plaintiff or that damages to Plaintiff's vehicle was the result of any action by the Defendant. Indeed the evidence shows that the damage existed prior to the time Plaintiff delivered his vehicle to Defendant's establishment.

Plaintiff argues that when he brought his vehicle to Defendant's establishment, the vehicle was undamaged as evidenced by a CarFax Report and government vehicle inspection Form that he submitted to the Court. At trial, Plaintiff also testified that he was always the owner of the vehicle and that the vehicle was never involved in an accident. At trial and in their trial statement however, Defendant submitted contrary evidence indicating that the subject vehicle was in fact involved in a prior accident. In its own post-trial investigation, the Court obtained expert testimony that the extent of the damage as depicted by the photographs submitted by the Plaintiff, likely could not have been caused by any actions by Defendant with

respect to the use of the vehicle lift and the simple procedure of replacing the subject vehicle's tires.

## CONCLUSION

Based upon the foregoing, the Court finds in favor of Defendant.


**SO ORDERED this _____ day of** NOV 3 0 2012 **_____, 2012.**


**BENJAMIN C. SISON, JR., Court Referee**
**Superior Court of Guam**

I do hereby certify that the foregoing is a full true and correct copy of the ORIGINAL on file in the Office of the Clerk of Court, Superior Court of Guam

DEC 0 4 2012

DATED: _____

JERIMIAH J. DUENAS
DEPUTY CLERK Superior Court of Guam